```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


JOSEPH and ANA CATALANOTTO           *    CIVIL ACTION

versus                               *    NO. 06-9250

COUNTRYWIDE HOME LOANS, INC.,        *    SECTION "F"
STATE FARM INSURANCE COMPANY, and
MOPEY SCHAUMBURG
```

ORDER AND REASONS

Before the Court is the plaintiffs' motion to reconsider this Court's April 20, 2007 Order, which granted Countrywide Home Loan's motion for judgment on the pleadings. For the reasons that follow, the motion for reconsideration is DENIED.

Background

Hurricane Katrina damaged Joseph and Ana Catalanotto's property on Volpe Drive in Chalmette, Louisiana. The Catalanottos had purchased this property, executing a mortgage in favor of Countrywide Home Loans, three years before the storm, in September 2002.

Before they purchased this property in September 2002, they had purchased homeowners and flood insurance from State Farm through Mopey Schaumburg for their prior residence. (This insurance had been purchased for their prior residence, but the Catalanottos say they were told that their insurance would be transferred to their property on Volpe Drive.) Sometime after Hurricane Katrina, the Catalanottos made claims under both their

1

homeowners and flood policies.  At this time, they learned that their previous homeowners and flood policies had not been transferred to their Volpe Drive address.  The Catalanottos had not been sent copies of their insurance policies and were unaware until they filed claims that they were uninsured.

The Catalanottos sued State Farm, Mopey Schaumburg, and Countrywide in state court, alleging that the defendants acted in bad faith in failing to make any offer to settle their claims.  The plaintiffs also assert that their insurance policy lapsed because Countrywide failed to pay the premiums for their policies in their monthly note.  State Farm and Schaumburg removed the suit to this Court.

On March 8, 2007, Countrywide filed a motion for judgment on the pleadings, which was set for hearing on April 25, 2007.  On April 20, 2007, the Court granted Countrywide's motion, having not received any opposition, and further finding that the motion had merit.  On the same day that the Court granted Countrywide's motion, the plaintiffs filed a motion to continue the hearing on the motion.  The motion to continue was denied as moot.  The plaintiffs now ask that the Court reconsider its April 20 Order granting Countrywide's motion for judgment on the pleadings.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such

2

motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment.[1] Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because the present motion for reconsideration was filed within ten days of entry of the Court's Order granting Countrywide's motion to motion for judgment on the pleadings and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 59 motions should

---

[1] The Clarkstons do not bother in their brief to address the standard applicable to their motion for reconsideration.

not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

II.

The plaintiffs contend that the Court should grant their motion to reconsider and consider their arguments presented in the motion as their opposition to Countrywide's motion for judgment on the pleadings. They urge that reconsideration is appropriate because counsel for plaintiffs was out of the office for the latter part of March and most of April with an illness. When plaintiffs' counsel returned to work, the deadline for filing an opposition had expired. He then filed an unopposed motion to continue the hearing on Countrywide's motion, but the Court had already granted Countrywide's motion.

Even if counsel's illness and attempt before the hearing date (though untimely under the Local Rules) to move the hearing date on the motion warranted the extraordinary remedy of reconsideration, the plaintiffs present no arguments that would persuade the Court to reconsider its ruling on the merits.

4

III.

Rule 12(c)

The standard applied to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim and Rule 12(c) motions for judgment on the pleadings based on failure to state a claim is the same. See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (district court properly construed untimely Rule 12(b) motion filed after answer as Rule 12(c) motion).

The Federal Rules authorize dismissal of a complaint for failure to state a claim upon which relief can be granted. The complaint must be liberally construed in the plaintiff's favor, and all facts pleaded in the complaint must be taken as true. See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986), cert. denied, 476 U.S. 1159 (1986). This Court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of him claim which would entitle him to relief." Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The standard for ruling on a motion for judgment on the pleadings is the same. See Bennett-Nelson v. Louisiana Bd. of Regents, 431 F.3d 448, 450 n. 2 (5th Cir. 2005).

The Court considers the allegations in the plaintiffs' and defendant's pleadings when considering Rule 12(c) motions. The plaintiffs allege in their complaint that Countrywide caused their

5

insurance to lapse by "failing to include premiums for said policies in their monthly note."[2]

Countrywide attaches the mortgage agreement to its answer and counterclaim. The mortgage agreement provides that the borrower "shall" keep the property insured and that the lender "may obtain, at its option and the borrower's expense...insurance coverage" if the borrower fails to do so. Countrywide contends that the Catalanottos have not pleaded (1) any contract provision requiring Countrywide to obtain or maintain insurance for them, (2) any contract provision requiring Countrywide to notify them regarding the renewal or lapse of their insurance, or (3) any circumstances that would create a fiduciary duty between them and Countrywide. Based on the pleadings, the plaintiffs fail to state a claim against Countrywide.

The Court has been presented with no arguments supporting reconsideration. The plaintiffs fail to show that the Court erred in law or fact in granting Countrywide's motion for judgment on the pleadings.

Accordingly, the plaintiffs' motion for reconsideration is DENIED.

---

[2] In their motion for reconsideration, the plaintiffs contend that Countrywide also breached its agreement with plaintiffs (and violated the notice provisions of the National Flood Insurance Program) by failing to provide them with a flood zone determination. However, these allegations of facts are not alleged in the complaint and will not preclude judgment on the pleadings.

New Orleans, Louisiana, May 23, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE